## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 19 2019, 9:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald J. Moore
The Moore Law Firm, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brock Mills,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 19, 2019

Court of Appeals Case No. 18A-CR-1158

Appeal from the Wayne Superior Court

The Honorable Charles K. Todd, Jr., Judge

Trial Court Cause No. 89D01-1612-F4-78

**Baker, Judge.**

[1] Brock Mills appeals the sentence imposed by the trial court for Level 4 Felony Burglary, arguing that the sentence is inappropriate in light of the nature of the offense and his character. Finding the sentence not inappropriate, we affirm.

# Facts

[2] On the evening of November 1, 2016, Kenneth Kuhn came home after work and found his house ransacked. He suspected that someone was still inside his house once he found a satchel in the front entryway that did not belong to him. Then, Kuhn heard a loud noise. Terrified, he exited the house and called the police. Before the police arrived, Kuhn's next-door neighbor told him that he had seen a man, later identified as Mills, exit the house and run down the driveway. Kuhn proceeded to chase Mills until he escaped into the woods.

[3] Kuhn returned to his house to assess the damage. Every room in the house was destroyed, and there was insulation strewn throughout the residence. Parts of the attic had been ripped apart, and "[s]everal kitchen cabinet doors were found open, with items pulled out onto the floor." Appellant's App. Vol. II p. 10. In addition to the satchel, Kuhn found a bicycle in the backyard and a sweatshirt and a pair of gloves inside the house, none of which belonged to him. Later testing revealed that the DNA found on the sweatshirt matched that of Mills. A police officer testified that the sweatshirt was the same one he saw Mills wearing earlier that day while he was riding on his bicycle. Officers later arrested Mills.

[4] On December 21, 2016, the State charged Mills with one count of Level 4 felony burglary and one count of Level 6 felony theft. The State also alleged that Mills was an habitual offender. Mills has a long criminal history, which includes convictions for Class D felony theft, Class D felony receiving stolen property, and Class D felony possession of a narcotic drug. *See id.* at 29. Following Mills's February 12-14, 2018, jury trial, the jury found Mills guilty of the burglary charge, but not guilty of the theft charge. Additionally, Mills admitted to being an habitual offender.

[5] After Mills's April 19, 2018, sentencing hearing, the trial court sentenced Mills to seven and one-half years in the Department of Correction and enhanced the sentence by eight years due to his status as an habitual offender, for an aggregate sentence of fifteen and one-half years. Mills now appeals.

# Discussion and Decision

[6] Mills's sole argument on appeal is that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character.

[7] Indiana Appellate Rule 7(B) states that a "Court may revise a sentence . . . if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). In determining whether the sentence is inappropriate, we will consider

numerous factors such as culpability of the defendant, the severity of the crime, the damage done to others, and a "myriad [of] other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). It is our job to leaven the outliers, not to achieve a perceived "correct" sentencing result. *Id.* at 1225.

[8] The maximum sentence for a Level 4 felony burglary conviction is twelve years, and the minimum sentence is two years. Ind. Code § 35-50-2-5.5. The advisory sentence is six years. *Id.* Here, the trial court imposed a sentence of seven and one-half years and enhanced that sentence by eight years due to Mills's status as an habitual offender, for an aggregate term of fifteen and one-half years.

[9] First, as to the nature of the offense, Mills seemingly selected Kuhn's house at random and burglarized it. It was not enough that Mills broke and entered into a residence and invaded Kuhn's privacy; he also completely ransacked the house, destroyed multiple rooms, and scattered insulation throughout the house. Though Mills did not physically harm or even confront Kuhn, Mills's actions nevertheless caused Kuhn to suffer emotional and psychological harm, a serious factor for this Court's consideration. *See Eisert v. State*, 102 N.E.3d 330, 334-35 (Ind. Ct. App. 2018) (holding that it was pertinent for the trial court to consider the terror that victim suffered after defendant climbed onto victim's roof, broke through a window, and entered the living quarters). Furthermore, while Mills sees his flight and subsequent escape as an "attempt[] to avoid contact with the homeowner[,]" appellant's br. p. 18, flight can also be seen as merely "circumstantial evidence of a consciousness of guilt." *Burton v. State*, 526

N.E.2d 1163, 1167 (Ind. 1988). Therefore, we find that the nature of the offense does not render Mills's sentence inappropriate.

[10] Second, as to Mills's character, he has a lengthy criminal record that includes multiple arrests and convictions, some for crimes that Mills was charged with in this case—namely, theft. *See Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (holding that "it is appropriate to consider such a [criminal] record as a poor reflection on the defendant's character, because it may reveal that he . . . has not been deterred even after having been subjected to the police authority of the State[]"). Despite multiple opportunities for improvement after multiple run-ins with the law, Mills shows no sign of reform. Additionally, Mills contends that he should be given leniency because he admitted to being an habitual offender. While the trial court accepted his admission, it was not required to shorten the sentence as a result of it. The trial court retained the discretion to consider all the facts and circumstances before it in sentencing Mills. Therefore, we find that Mills's character does not render his sentence inappropriate.

[11] In sum, we will not revise Mills's sentence pursuant to Indiana Appellate Rule 7(B).

[12] The judgment of the trial court is affirmed.

Najam, J., and Robb, J., concur.